IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT E. GREEN,**

                **Petitioner,**

        v.                      CASE NO. 09-3234-RDR

**SHELTON RICHARDSON,**

                **Respondent.**

### MEMORANDUM AND ORDER

This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. § 2241 by a federal pretrial detainee being held at the facility operated by the Corrections Corporation of America in Leavenworth, Kansas (CCA). Petitioner's allegations indicate he is currently awaiting trial on federal criminal charges pending in a federal district court in Missouri.

At the outset the court finds petitioner has neither paid the filing fee of $5.00 for this action nor filed a motion for leave to proceed without prepayment of fees (IFP motion). His bald request in his petition to proceed IFP is not sufficient. The clerk shall be directed to provide forms for filing a proper motion under 28 U.S.C. 1915(a), and petitioner will be given time to either pay the fee or file a properly supported IFP motion[1]. Unless and until he satisfies the filing fee prerequisite in one of these two ways, this action may not proceed further.

The court further finds that this action is subject to

---

[1] 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

being dismissed for the following reasons. The federal habeas corpus statutes grant district courts jurisdiction to entertain petitions for habeas corpus relief by persons who are in custody in violation of the constitution or laws or treaties of the United States. 28 U.S.C. § 2241(c)(3); see Maleng v. Cook, 490 U.S. 488, 490 (1989). Petitioner expressly raises his claims and seeks relief under § 2241. District courts are to promptly review habeas corpus petitions and summarily dismiss a petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . ." Rule 4, Rules Governing Section 2254 Cases. An initial review of the Petition filed in this case indicates that it fails to state a claim for relief under § 2241.

As the factual basis for his Petition, Mr. Green alleges that on March 30, 2009, a detainer was issued against him "for bank robbery in Case No: 09-00139-01-CR-W-DGK", and he is currently confined at the CCA due to "a detention order entered (in) the U.S. District Court for the Western District of Missouri on April 6, 2009 resulting from" the detainer. Petitioner claims his confinement at the CCA is unlawful because the detention order "is for and within the Western District of Missouri and not the District of Kansas." He additionally claims the detainer issued by the Missouri court was filed "beyond 180 days before commencement of his trial in violation of his Sixth Amendment right to a fast and speedy trial." He alleges he attempted to challenge his Kansas detention by seeking habeas relief in the Western District of Missouri, but found any claim for habeas relief had to be filed in this district where his current custodian is located. This court

2

is asked to discharge him from custody.

To the extent petitioner claims his current confinement in Kansas is illegal because the order for his detention issued out of a federal court in Missouri, no valid claim for federal habeas corpus relief is stated. Petitioner has no federal constitutional right to be detained only within the District of Missouri, even though he is detained only on Missouri charges[2]. The place of detention of a pretrial detainee is a matter within the discretion of the authority having primary custody of the defendant.

To the extent petitioner is attempting to challenge pending federal criminal proceedings by claiming he has been denied speedy trial rights, such a claim must be raised in a motion to dismiss or other proper motion filed in the criminal case. See e.g., U.S. v. Abdush-Shakur, 465 F.3d 458, 461 (10th Cir. 2006); see 18 U.S.C. §§ 3161; 3162(a)(2). It has been recognized that 28 U.S.C. § 2241 establishes limited jurisdiction in the federal district court to consider habeas corpus petitions filed by pretrial detainees. See Walck v. Edmondson, 472 F.3d 1227, 1235 (10th Cir. 2007)(Section 2241 is a proper avenue for challenging pretrial detention.); Yellowbear v. Wyoming Atty. Gen., 525 F.3d 921, 924 (10th Cir. 2008); Chandler v. Pratt, 96 Fed.Appx. 661, 662, 2004 WL 1080214 (10th Cir. May 14, 2004). However, it has also been held that federal habeas courts should not intervene in pending federal criminal prosecutions where the defendant has available an adequate

---

[2] According to petitioner's own allegations, he is actually in custody due to process issuing from a federal court in Missouri, and not process issued in this judicial district. It follows that the warden of the CCA is merely the agent of the Missouri authority that issued the process, and that federal authorities in Missouri are his true custodians.

3

forum for his federal claims[3].

Petitioner appears to be a pretrial detainee, and his speedy trial claim clearly relates to his ongoing federal criminal case. This and any other defense he may have to the criminal charges against him can and must initially be raised in the criminal matter, and on appeal to the Eighth Circuit Court of Appeals, as necessary and as permitted. See Braden, 410 U.S. at 484 (Generally, federal habeas corpus does not lie, absent "special circumstances," to adjudicate the merits of an affirmative defense to a criminal charge prior to a judgment of conviction in the trial court.); United States v. Addonizio, 442 U.S. 178, 184 FN10 (1979)("[T]he writ of habeas corpus should not do service for an appeal. . . . This rule must be strictly observed if orderly appellate procedure is to be maintained."); Adams v. United States ex rel. McCann, 317 U.S. 269, 274 (1942)); Jones v. Perkins, 245 U.S. 390, 391-392 (1918)("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial."). After a direct criminal appeal is completed, petitioner's exclusive habeas corpus remedy is that

---

[3] It has long been held that "federal courts should abstain from the exercise of (§ 2241) jurisdiction" in the context of "issues raised in the petition (that) may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993)("An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus."); see also Younger v. Harris, 401 U.S. 37, 43 (1971)(federal courts should not intervene in pending state criminal prosecutions when those proceedings offer an adequate forum for plaintiff's federal claims and implicate important state interests); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 489 (1973)(exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition). The Younger abstention doctrine is based on notions of comity and federalism, which require that federal courts respect state functions and the independent operation of state legal systems. Younger, 401 U.S. at 44-45.

4

provided in 28 U.S.C. § 2255.  Section 2241 is not an alternative remedy to that provided in Section 2255.

Furthermore, even if this court had jurisdiction to consider the claims in petitioner's pre-trial habeas petition, it is precluded from doing so by petitioner's failure to exhaust available remedies.  See Hall v. Pratt, 97 Fed.Appx. 246, 248 (10th Cir. 2004); Jones, 245 U.S. at 391-92 ("It is well settled that in the absence of exceptional circumstances in criminal cases the regular judicial procedure should be followed and habeas corpus should not be granted in advance of a trial.").  As the Tenth Circuit explained in Chandler v. Pratt:

> To be eligible for habeas corpus relief under § 2241, a federal pretrial detainee usually must exhaust other available remedies.  Cf. Fassler v. United States, 858 F.2d 1016, 1018-19 (5th Cir. 1988)(per curiam)(holding defendants cannot use § 2241 to challenge pretrial detention orders that can be challenged under 18 U.S.C. § 3145); United States v. Pipito, 861 F.2d 1006, 1009 (7th Cir. 1987)(same).  Here, all the claims petitioner attempted to raise in his § 2241 petition should have been, and apparently were being, pursued in the criminal action.  To allow petitioner to bring the same claims before another judge in a collateral proceeding would not only waste judicial resources, but would encourage judge shopping.  The district court properly dismissed petitioner's claims without prejudice for failure to exhaust, and there was no arguable basis in law or fact for appealing that decision.

Id. at 662.  Allowing federal prisoners to bring claims in habeas proceedings that they have not yet, but still could, bring in the trial court, would result in needless duplication of judicial work and would encourage "judge shopping."  This petition presents precisely these dangers, as the federal trial court is not alleged to have had any opportunity to rule on petitioner's speedy trial claim.  It is apparent on the face of the instant Petition that Mr.

5

Green has not yet exhausted the available remedies on his claims. His improper filing of an independent habeas corpus petition here and in Missouri, rather than a motion in his criminal case, did not satisfy the exhaustion prerequisite.

In addition, it is assumed petitioner is represented by counsel in the federal criminal proceedings in Missouri. He does not provide any reason why his claim of a denial of speedy trial cannot be discussed with and handled by his criminal defense attorney.

Moreover, there is no established time period that automatically constitutes undue delay, so petitioner's reference to 180 days without more is not sufficient to state a constitutional claim. See Barker v. Wingo, 407 U.S. 514, 521 (1972). Thus, petitioner has failed to allege sufficient facts to state a federal constitutional claim[4].

Finally, if petitioner is claiming the detainer lodged against him must be dismissed due to a violation of the speedy

---

[4] As the Tenth Circuit stated:

> In determining whether a defendant's Sixth Amendment right to a speedy trial has been violated, a court must balance four factors: (1) the length of delay; (2) the reason for delay; (3) the defendant's assertion of his right; and (4) any prejudice to the defendant. Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); United States v. Lugo, 170 F.3d 996, 1002 (10th Cir. 1999). "None of these factors, taken by itself, is either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial. Rather, they are related factors and must be considered together with such other circumstances as may be relevant." United States v. Gomez, 67 F.3d 1515, 1521 (10th Cir.1995) (quotation omitted). . . .
>
> We need only inquire into the other factors if the period of delay is 'presumptively prejudicial.'" Lugo, 170 F.3d at 1002 ( quoting United States v. Dirden, 38 F.3d 1131, 1137 (10th Cir. 1994)).

U.S. v. Abdush-Shakur, 465 F.3d 458, 464-65 (10th Cir. 2006). A habeas petition must specify all the grounds for relief and state the facts supporting each ground in the petition. See Rule 2 of Rules Governing Section 2254 Cases.

trial provisions of the Interstate Agreement on Detainers Act (IAD), he has not clearly stated such a claim or alleged sufficient facts in support. He does not provide the date on which he made a proper request for speedy disposition of the charges to the appropriate authority that complied with provisions of the IAD. Nor does he allege facts including the date his right to speedy trial attached, the length of and any reasons for delay since that date, any continuances granted by the court, and what objections to delay he has raised in the trial court.

In sum, the court concludes that this § 2241 habeas petition should be dismissed without prejudice for failure to state a claim, for lack of jurisdiction, and due to petitioner's failure to exhaust available remedies. Petitioner will be given time to show cause why his claims should not be dismissed for the reasons stated herein. If he fails to either satisfy the filing fee or show cause why this action should not be dismissed within the time allotted by the court, this action may be dismissed without further notice.

**IT IS THEREFORE ORDERED** that petitioner is granted twenty (20) days to satisfy the filing fee requirements for this action by either paying the filing fee or submitting a properly supported IFP motion, and to show cause why this action should not be dismissed for the reasons stated herein.

The Clerk is directed to send IFP forms to petitioner.

**IT IS SO ORDERED.**

**DATED: This 20th day of November, 2009, at Topeka, Kansas.**

7

**s/RICHARD D. ROGERS**
United States District Judge