IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ROBERT E. GREEN,**

    **Petitioner,**

    v.          CASE NO. 09-3234-RDR

**SHELTON RICHARDSON,**

    **Respondent.**

## O R D E R

On November 20, 2009, this court ordered petitioner to either pay the filing fee for this action or submit a properly supported motion[1] to proceed in forma pauperis. He has submitted a motion to proceed without fees on forms as directed, but still has not submitted complete financial information for the six months immediately preceding the filing of this action. He has provided his current account balance only at the CCA, and a "inmate bank transaction list" for less than 3 months at a Missouri institution showing no transactions. Nevertheless, the court grants this motion based upon petitioner's current account balance, which is less than $150.

In the court's prior order, petitioner was also required to show cause why this action should not be dismissed for the reasons stated therein. He responded by filing a Supplement (Doc. 4), a

---

[1] As Mr. Green was informed, 28 U.S.C. § 1915 requires that a prisoner seeking to bring a civil action without prepayment of fees submit an affidavit described in subsection (a)(1), and a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing" of the action "obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Response (Doc. 5), and a "Motion for Leave to File an Amended Petition[2]" (Doc. 7). In his second Supplement (Doc. 4), Mr. Green complains of alleged overcrowded and unsanitary conditions at the CCA. Such claims are not properly raised in a habeas corpus petition. Instead, habeas petitions are used to attack the fact or duration of confinement, and generally seek an immediate or speedier release. A separate civil rights complaint is the proper way for an inmate to proceed in order to challenge conditions of confinement. Petitioner is entitled to no relief in this habeas corpus action on his conditions-of-confinement claims, and they are dismissed without prejudice.

Also in his second Supplement, petitioner reargues that his current confinement is unlawful because his "detention order" is "to remand his person to the U.S. Marshal for the Western District of Missouri" and not a corporate, private facility, like the CCA. As the court found in its initial order, Mr. Green's confinement at the CCA in the District of Kansas is not illegal simply because he is being held outside the District of Missouri, as he initially argued, or at a private correctional facility.

In his Response, petitioner also contends that this court "misconstrued" his pleadings in that he "does not seek to have his pre-trial issues determined . . . by this court", but rather seeks

---

[2] This document is not a proper motion to amend with an actual amended petition attached. If the "motion" itself were treated as the amended petition, it would completely supercede the original petition and previously filed supplements, and the allegations in the one-page "motion" would be the only ones before the court. That result does not appear to be what Mr. Green intended. Thus, the court has considered petitioner's "Motion for Leave to File an Amended Petition" (Doc. 7) as his third Supplement to Petition.

2

relief because his confinement outside the District of Missouri "disables" both the trial court and this court from "granting pre-trial habeas relief." In his third Supplement (Doc. 7) petitioner makes the same argument.

Petitioner omits an essential element of a § 2241 claim for pre-trial relief. He alleges no facts whatsoever that would support such a claim. He simply asserts that his current confinement is illegal because he is prevented by his confinement outside the District of Missouri "from challenging the constitutionality of his pre-trial detention via habeas petition under section 2241." Denial of court access, even if proven, does not entitle an inmate to release from lawful confinement. Furthermore, Mr. Green has no standing to complain regarding any impediment to an actual, viable § 2241 claim, since he has not presented such a claim.

As the court previously advised petitioner, if he has a pre-trial challenge to his impending criminal proceedings, such as a speedy trial claim[3], that claim should be presented through his

---

[3] In his first Supplement, petitioner stated "his claim is that he is being prevented from challenging the constitutionality of his detainer in the appropriate court in a habeas petition." The only ground mentioned in his filings for challenging "his detainer" is that he was not tried within 180 days. Petitioner provides no authority for the assertion that he was entitled to be tried within 180 days. He does not controvert that he is currently a pretrial detainee being held at the CCA in Leavenworth, Kansas, under sole authority of the U.S. Marshal, District of Missouri, because he faces federal prosecution for bank robbery in the District of Missouri. He is thus not serving an unrelated sentence with a detainer lodged against him by federal authorities from Missouri. The District of Missouri has had no reason to lodge a detainer at the CCA since Mr. Green is already their prisoner. Petitioner alleges no facts and provides no documentation indicating a "detainer" has actually been lodged against him at the CCA by Missouri authorities pursuant the Interstate Agreement on Detainers Act (IAD). Consequently, the 180-day speedy trial provision of the IAD is not shown to apply in his circumstances.

3

attorney in a pretrial motion to dismiss filed in the trial court. He has no right to adjudicate such claims in a court other than the trial court when those claims can be resolved in his criminal proceedings. Furthermore, assuming he has a claim that may be raised in a pretrial § 2241 petition, his intimation that neither this court nor a federal district court in Missouri has jurisdiction is simply incorrect[4]. A federal district court whose territory encompasses either the place of confinement or the place that issued the process ordering confinement has jurisdiction to hear habeas corpus claims challenging that process. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484, 489 (1973). The proper venue, however, is the district from which the process issued. <u>Id</u>.

In sum, Mr. Green has presented no facts whatsoever to support a viable pretrial claim for relief under § 2241. The court concludes that this action must be dismissed, without prejudice, for the reasons stated herein and in its order dated November 20, 2009.

**IT IS THEREFORE ORDERED** that petitioner's Motion for Leave to Proceed in forma pauperis (Doc. 6) is granted; and his Motion

---

[4] The court takes judicial notice of the filings in <u>Robert Earl Green v. Jeanne Huntley, et al.</u>, 09-0458-cv-W-DGK-P, including the § 2241 petition filed by Mr. Green in the Western District of Missouri and that court's order of dismissal. In that case, Mr. Green alleged his confinement at the Crawford County Jail in Missouri was illegal because it was a state institution, and complained of certain jail conditions. His petition was dismissed as moot upon his transfer from that jail. Nowhere in that petition, did he challenge a detainer or raise any other pretrial claim cognizable in a § 2241 habeas petition. The claims he raised in that case and its disposition in no way establish that his access to § 2241 is impeded.

4

for Leave to File an Amended Petition (Doc. 7) is denied, but has been construed and considered as a Supplement to Petition.

**IT IS FURTHER ORDERED** that this action is dismissed, without prejudice, for the reasons stated in the court's Order of November 20, 2009, and herein.

**IT IS SO ORDERED.**

**DATED: This 5th day of February, 2010, at Topeka, Kansas.**

                    **s/RICHARD D. ROGERS**
                    **United States District Judge**